UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO AMBROSIO, SPN #02353920, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-17-3733 |
| ED GONZALEZ, | § § § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

Petitioner Alberto Ambrosio (SPN #02353928), a pretrial detainee currently in the custody of the Harris County Jail under felony indictment for aggravated sexual assault, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention under an Immigration and Customs Enforcement ("ICE") hold that he contends prevents him from being released on bond. *See* Docket Entry No. 1 at 6. Petitioner proceeds *pro se* and has submitted an application to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for the reasons set forth briefly below.

### I.     BACKGROUND

Public records reflect that Petitioner is awaiting trial in the 337th Harris County Judicial District Court for aggravated sexual assault in cause number 15531660.[1] Petitioner has been confined since May 28, 2017.[2]

---

[1] *See* Harris County Sheriff's Office website, *available at* https://apps.jims.hctx.net/sopublic/Inquiry.do (last visited on Jan. 5, 2018).

[2] *Id.*

In his petition for habeas corpus, Petitioner asserts that his constitutional rights are being violated because the ICE hold prevents him from being released on bond. *See* Docket Entry No. 1 at 6. Petitioner discloses that he has not filed grievances or sought relief in state court to address the above-mentioned bond issue relating to the ICE hold. *See id.* at 2.

## II.     EXHAUSTION OF REMEDIES

A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Although Petitioner meets the first prerequisite for review because he alleges he is presently confined in Harris County Jail, he does not meet the second criteria because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006) (quoting *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992)). Exceptions exist only where there is an absence of available State corrective

process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2017). If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

Petitioner discloses that he has not filed motions to address his bond issues in state court and that he has not appealed any state rulings by seeking review by the Texas Court of Criminal Appeals. *See* Docket Entry No. 1 at 6-8. Thus, Petitioner has not exhausted available state court and administrative remedies, and Petitioner does not otherwise show that exceptional circumstances are present or that federal court intervention at this stage is warranted. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Accordingly, the pending federal habeas petition must be dismissed without prejudice for lack of exhaustion.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Order, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION AND ORDER

1. Petitioner's Motion to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. This action is **DISMISSED** without prejudice for lack of exhaustion.

3. A certificate of appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk shall send a copy to the parties.

SIGNED at Houston, Texas, this 11th day of January, 2018.

                                                MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE